IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| FLORENCE NIGHTINGALE ONYANGO | § | CASE NO: 05-32821 |
| Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION

By separate order issued on this date, the Court has modified the automatic stay to allow Consumer Mortgage Company to exercise its state law rights against the Debtor's automobile. The automatic stay is modified because Consumer Mortgage Company has shown two bases for cause under § 362 of the Bankruptcy Code.

First, cause exists because of the Debtor's fraud in obtaining financing from Consumer Mortgage Company. Second, cause exists because the Debtor has failed to offer adequate protection for Consumer Mortgage Company's interest in the automobile.

### Facts

The facts of this case are simple. On January 24, 2005, Ms. Onyango attempted to purchase a 2003 Ford Focus LX from the Mac Haik Chrysler Jeep Dodge dealership. In order to obtain financing for the Debtor, the dealership had to reflect a minimum down payment of $1,500.00. Ms. Onyango only had $800.00, which she had obtained from her federal income tax refund. The dealership prepared documents reflecting a purchase price of $9,005.75, including sales tax. The documents reflected that Ms. Onyango paid a $1,500.00 down payment, leaving $7,505.75 to finance.

The dealership located Consumer Mortgage Company. In keeping with its policy, Consumer Mortgage Company required Ms. Onyango to come to its offices to close the financing. The dealership instructed Ms. Onyango that she should not tell Consumer Mortgage Company that the true down payment was $800.00. Instead, she was to carry on the ruse that the actual down payment was $1,500.00.

Ms. Onyango completed a credit application. Although she had thousands of dollars in unpaid payday loans and debt arising out of a number of other obligations (including deficiency debts from recent repossessions of other automobiles), she listed no debts in the area labeled "List all debts".

One month and one day after buying the Ford Focus, Ms. Onyango filed this chapter 13

case.   No payments have ever been made to Consumer Mortgage Company.

Ms. Onyango's plan provides that no payments will be made to Consumer Mortgage Company until the twelfth month of the proposed plan.  Instead, the first payments are dedicated to payment of Ms. Onyango's attorneys and to paying the balance of the "down payment" to the dealership.  Except for the proposed plan, no adequate protection has been offered to Consumer Mortgage Company.

Although the Court concludes that Ms. Oyango committed fraud in the financing of her automobile, the Court does not imply that Ms. Oyango does not face difficult issues.  She holds two jobs and works 80 hours per week.  She lives modestly.  She sends about $200.00 of assistance to her ailing father every two weeks.  Her father is a diabetic, with serious complications, living in Kenya.  Although the Court finds Ms. Oyango's plight exceptionally difficult, the Code does not permit her to pass her burdens on to Consumer Mortgage Company.

**Law**

Section 362 of the Bankruptcy Code imposes a stay on a car lender's right to enforce its lien against estate property.  11 U.S.C. § 362(a)(3)-(4).  A car lender may obtain relief from the stay "for cause, including the lack of adequate protection of" its interest in the car.  11 U.S.C. § 362(d)(1).

When used in the Bankruptcy Code, the word "including" is not limiting.  11 U.S.C. § 102(3).  *In re D & F Const. Inc.,* 865 F.2d 673 (5th Cir. 1989).  Accordingly, an absence of adequate protection is merely an example of cause for relief from the stay; it is not exclusive of other possible causes.

A debtor's lack of good faith in filing a bankruptcy petition may be an appropriate ground for lifting the automatic stay.  *In re Reitnauer,* 152 F.3d 341 (5th Cir. 1998).  The Court recognizes that a fraud claim may not be sufficient cause to terminate the stay if the debt arose long before the bankruptcy case.  See *In re Kowalsky,* 232 B.R. 589 (Bankr. E.D. Tex. 1999).  However, when the bankruptcy petition is filed before the first payment is made on the newly and fraudulently acquired loan, cause does exist.  "Determining whether the debtor's filing for relief is in good faith depends largely upon the bankruptcy court's on-the-spot evaluation of the debtor's financial condition, motives, and the local financial realities."  *In re Little Creek Development Co.*, 779 F.2d 1068, 1072 (5th Cir. 1986).

When adequate protection is required, it may be provided by one or more periodic cash payments, the granting of an additional or replacement lien, or providing a lender with the indubitable equivalent of its lien.  11 U.S.C. § 361.  Under chapter 13, the Debtors' first payments under a plan are distributed to holders of priority claims.  11 U.S.C. § 1326(b)(1).  These payments may include adequate protection payments to lenders.  Section 1326(b)(1)

requires that the first chapter 13 distributions must be made on claims arising under § 507(a)(1).  Section 507(b) provides that adequate protection payments have the highest priority under § 507(a)(1).  Accordingly, it is syllogistic that adequate protection payments can be made under a chapter 13 plan.  Of course, adequate protection may also be provided in other ways.

## Discussion

To date, no plan has been confirmed in this case.  The car was purchased on January 24, 2005.  The bankruptcy case was filed on February 25, 2005.  The hearing on relief from the stay was conducted on April 22, 2005.  The only offer of adequate protection that has been made (in addition to maintaining insurance) is a provision under the proposed plan for full payment–beginning February 25, 2006–of Ms. Onyango's debt to Consumer Mortgage Company.  Such a promise is fleeting.  Ms. Onyango has the right to dismiss her chapter 13 bankruptcy case.  11 U.S.C. § 1307(b).  If she dismisses her case in February, 2006, Consumer Mortgage Company will have received no payments for 13 months and will be left to its state law remedy of repossessing a depreciated automobile.  The burden of proof on adequate protection rests squarely on Ms. Onyango.  11 U.S.C. § 362(g)(2).

A chapter 13 promise to begin payments to a creditor at a future date may well satisfy the confirmation requirements of § 1325 of the Bankruptcy Code.  Such a promise may even be integral to adequate protection to a lender.  But, without more, a promise to begin making payments in a year cannot adequately protect a marginally secured or undersecured automobile lender with depreciating collateral.

As set forth above, the Court concludes that the facts and circumstances of the fraudulently arranged loan, followed by a bankruptcy filing one month later, constitutes cause for relief under § 362(d)(2).  The Court independently concludes that the Debtor has failed to offer adequate protection of the lender's interest in the car.

Although the Court believes that either of these issues constitutes sufficient cause under § 362(d)(2), the Court is most disturbed by the combination of facts.  The law does not countenance the commission of fraud on a car lender followed by a prolonged period of non-payment by the Debtor, followed by a Debtor's plea for mercy for her difficult circumstances.  However difficult Ms. Onyango's plight, it does not justify imposing the burden of that plight on Consumer Mortgage Company.

The automatic stay must be modified to allow Consumer Mortgage Company to exercise its rights against the 2003 Ford Focus LX.

## Mac Haik Chrysler Jeep Dodge

For the purposes of this order, the Court must accept the undisputed evidence regarding the dealership's conduct.  However, the dealership was not a party to the requested

relief and was not given an opportunity to defend its conduct.

SIGNED 04/26/2005

MARVIN ISGUR
United States Bankruptcy Judge